UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:24-cv-61921

DENI SANTANA,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANSUNION, LLC. and
SPECIALIZED LOAN SERVICING, LLC.,

    Defendants.
_____/

## PLAINTIFF'S FIRT AMENDED COMPLAINT
## JURY DEMAND

1.    Plaintiff files this First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B), which alleges violations of 15 U.S.C. § 1681 et seq. (Federal Fair Credit Reporting Act "FCRA"), Fla. Stat. §559.55, et seq. (Florida Consumer Collection Practices Act "FCCPA") and Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") against SPECIALIZED LOAN SERVICING, LLC ("SLS.")

2.    Plaintiff further alleges violations of the FCRA against Defendants EQUIFAX INFORMATION SERVICES, INC., EXPERIAN INFORMATION SOLUTIONS, INC, and TRANS UNION, LLC.

## JURISDICTION AND VENUE

3.    The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. 1367. Venue in this District is proper because Plaintiff resides here.

4.  This Court has jurisdiction under 15 U.S.C. § 1681(p) and 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here.

## PARTIES

5.  Plaintiff, Deni Santana ("Santana"), is a natural person and citizen of the State of Florida, residing in Broward County, Florida.

6.  Equifax Information Services, L.L.C ("Equifax") is a limited liability company under the laws of the State of Georgia authorized to do business in the State of Florida.

7.  Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8.  Equifax disburses such consumer reports to third parties under contract for monetary compensation.

9.  Experian Information Solutions, Inc. ("Experian") is a corporation incorporated under the laws of the State of Ohio and authorized to do business in the State of Florida.

10. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. Experian disburses such consumer reports to third parties under contract for monetary compensation.

12. Transunion, LLC ("Transunion") is a limited liability company under the laws of the State of Delaware authorized to do business in the State of Florida.

13. Transunion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Transunion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

14. Transunion disburses such consumer reports to third parties under contract for monetary compensation.

15. Defendant, Specialized Loan Servicing, LLC. ("SLS"), is a corporation organized under the laws of the State of Delaware. It is a citizen of the State of California with its principal place of business at 6200 S. Quebec Street, Suite 300, Greenwood Village, CO 80111.

16. Defendant, SLS, was registered with the Florida Department of State, Division of Corporations as a limited liability company until July of 2024. Its registered agent for service of process is United Agent Group, Inc., 1521 Concord Pike, Suite 201, Wilmington, DE 19803.

17. Defendant, SLS, regularly uses the mail and telephone in business the principal purpose of which is the collection of debts.

18. Defendant, SLS, regularly uses the mail and telephone to collect consumer debts.

19. SLS' primary purpose is the collection of debts.

20. SLS is a "debt collector" as defined in the FDCPA.

**FACTUAL ALLEGATIONS**

21. Defendant, SLS sought to collect from Santana an alleged debt arising from a consumer loan mortgage originally held by Wells Fargo Bank, N.A. on real property located at 3501 Van Buren St. Unit #6, Hollywood, FL 33021, which Plaintiff owned and used for his own personal, family and household purposes ("the debt").

22. Plaintiff, Santana, filed for Chapter 7 Bankruptcy relief, *In re: Deni Santana*, Case No. 12-17232-NLW, Bankruptcy Court District of New Jersey. [Cite the case name, number, and jurisdiction].

23. In his petition and schedules, Santana listed the Mortgage as held by Wells Fargo Bank, N.A. as a secured debt and did not reaffirm said Mortgage.

24. An Order of Discharge was entered on June 29, 2012, discharging Plaintiff, Santana, from any further legal obligation to make any payment towards the aforementioned mortgage. The Order of Discharge also states that "A creditor who violates this order can be required to pay damages and attorney's fees to the debtor". A copy of the Order of Discharge is attached hereto as Exhibit "A".

25. The mortgage remained in place as to the property and any other debtors that had not filed bankruptcy. On June 5th 2023, the aforementioned Mortgage was assigned by Wells Fargo Bank, N.A. to Specialized Loan Servicing, LLC. and recorded in Broward County on June 7, 2023. A copy of the Corporate Assignment of Mortgage is attached hereto as Exhibit "B".

26. On December 15, 2023, SLS, filed its Complaint for Foreclosure in Broward County, FL assigned case number CACE-23-022516. SLS served the Complaint upon Plaintiff Santana on April 6, 2024 ("State Court Action".)

27. The State Court Action sought monetary damages from Santana in the amount of $42,118.35 and foreclosure of the property subject to the Mortgage.

28. Santana's counsel filed an Answer and Affirmative Defenses to the Complaint, advising the Court and SLS's attorney's that the debt had been discharged in Bankruptcy. Santana also maintained an interest in the property for any value above and beyond the amount sought in the foreclosure.

29. SLS acknowledged Santana's discharge of the debt in its Reply to Santana's Answer and Affirmative Defenses, attached hereto as Exhibit "C." SLS clearly demonstrated that it had actual knowledge of the discharge of Santana's legal obligations towards that debt.

30. On or about August of 2022, Defendant, SLS began reporting the discharged debt to Santana's credit files with the credit reporting agencies, also listed herein as Defendant's, TransUnion, Equifax and Experian.

31. SLS, knew or should have known that reporting the discharged debt on Santana's credit files was both inaccurate, a violation of the FDCPA, and a violation of the Order of Discharge entered in Santana's 2012 bankruptcy case.

32. The Plaintiff Santana only learned of SLS's erroneous credit reporting when he approached a mortgage broker to purchase a home again. He was told he didn't qualify for a mortgage as his score was severely affected by SLS's erroneous reporting.

33. Santana also experienced reductions in his credit limits with multiple creditors further reducing his credit score as a result of the erroneous reporting by SLS. This affected not only Santana's available credit but also inflated the amount of debt to available credit that was being reported for Santana.

34. Under the FCRA, the term "consumer report" generally refers to:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for:
>
> i. credit or insurance to be used primarily for personal, family, or household purposes;
>
> ii. employment purposes; or
>
> iii. any other purpose authorized under section 1681b of this

    title.

15 U.S.C. § 1681a(d)(1).

  35. The terms "consumer report", "credit report", and "consumer credit report" are used synonymously herein.

  36. If a consumer believes their credit report is inaccurate or incomplete, one can dispute such reporting with the CRA that prepared it. The CRA is then obligated to conduct a "reasonable reinvestigation to determine whether the disputed information is inaccurate," 15 U.S.C. § 1681i(a)(1)(A), considering "[a]ll relevant information submitted by the consumer." *Id.* § 1681i(a)(4).

  37. "If the reinvestigation does not resolve the dispute," § 1681i(b) allows a consumer to "file a brief statement setting forth the nature of the dispute." If a consumer elects to do so, "unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof." *Id.* § 1681i(c). Negligent violations of these provisions are actionable under § 1681o; willful violations carry additional penalties and are actionable under § 1681n. *Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 809 (7th Cir. 2023).

  38. Santana made several attempts to resolve the issue of the erroneous reporting to his credit, including but not limited to sending in multiple disputes to all the Defendants.

  39. The Defendant's willfully neglected to investigate Santana's disputes and ignored his requests failing to resolve the issue appropriately.

  40. Santana's final dispute even included copies of his entire bankruptcy filing and the Assignment of Mortgage previously mentioned. Copies are available to the parties on request as the documents contain personal information that should not be made public record.

41. Santana has suffered needlessly at the hands of the Defendants by way of emotional distress, embarrassment and undue frustration. In addition, Santana was damaged by all Defendants as he was obligated to expend thousands of dollars in his attempts to resolve this issue. To date, SLS has failed to properly investigate his claims and continues to demand payment through erroneous credit reporting and causing him to appear to be much less credit worthy that he actually is to his current and prospective creditors.

42. Unless and until the erroneous reporting is no longer a factor in Plaintiff being denied credit, being granted credit at increased rates, losing the opportunity to benefit from credit, or Plaintiff being forced to procure a co-signer to be granted any credit under any terms, these economic losses will continue.

**COUNT I - VIOLATIONS OF 15 U.S.C. §1681e(b)**
**AGAINST TRANSUNION**

43. Plaintiff incorporates by reference the allegations in Paragraphs 2 - 5, 12 - 14 and 30 – 42.

44. At all times relevant hereto, TransUnion is and was a "consumer reporting agency" as provided for under the FCRA.

45. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

46. TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

47. Any users of credit reports that viewed the SLS account did not see the true and accurate picture of Santana's credit file.

48. Even after Plaintiff's multiple written disputes, the SLS account is still being reported inaccurately.

49. TransUnion's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

50. In the alternative, TransUnion negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

51. As a result of TransUnion's failures to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in his credit file, damage to reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against Trans Union in the form of: Actual damages in an amount to be determined by the jury; Punitive damages in an amount to be determined by the jury; Statutory damages as determined by the Court; Attorneys' fees, litigation expenses and costs; Interest as permitted by law; and such other and further relief including as the Court deems equitable and just under the circumstances.

### COUNT II AS TO TRANSUNION'S VIOLATION OF 15 U.S.C. §1681i

52. Plaintiff incorporates by reference the allegations in Paragraphs 2 - 5, 11 - 13 and 30 – 42.

53. TransUnion violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant

information to SLS; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

54. As a result of this conduct, action and inaction of TransUnion, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from a credit, specifically the mental and emotional pain and anguish and the humiliation and embarrassment of adverse actions or credit denials.

55. TransUnion's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

56. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Trans Union for the following:

  a) Actual damages in an amount to be proved at trial;
  b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);
  c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);
  d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and
  e) Such other and further relief as this Court deems just and proper.

**COUNT III - VIOLATIONS OF 15 U.S.C. §1681e(b)**
**AGAINST EXPERIAN**

57. Plaintiff incorporates by reference the allegations in Paragraphs 2 - 5, 9 – 11, and 30 through 42.

58. At all times relevant hereto, Experian is and was a "consumer reporting agency" as provided for under the FCRA.

59. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

60. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

61. Any users of credit reports that viewed the SLS account did not see the true and accurate picture of Santana's credit file.

62. Even after Plaintiff's multiple written disputes, the SLS account is still being reported inaccurately.

63. Experian's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

64. In the alternative, Experian negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

65. As a result of Experian's failures to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in his credit file, damage to reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from

credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against Experian in the form of: Actual damages in an amount to be determined by the jury; Punitive damages in an amount to be determined by the jury; Statutory damages as determined by the Court; Attorneys' fees, litigation expenses and costs; Interest as permitted by law; and such other and further relief including as the Court deems equitable and just under the circumstances.

### COUNT IV AS TO EXPERIAN'S VIOLATION OF 15 U.S.C. §1681i

66. Plaintiff incorporates by reference the allegations in Paragraphs 2 - 4, 9 – 11, and 30 through 42.

67. Experian violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to SLS; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

68. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from a credit, specifically the mental and emotional pain and anguish and the humiliation and embarrassment of adverse action or credit denials.

69. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

70. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Experian for the following:

   a) Actual damages in an amount to be proved at trial;
   b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);
   c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);
   d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and
   e) Such other and further relief as this Court deems just and proper.

### COUNT V - VIOLATIONS OF 15 U.S.C. §1681e(b) AGAINST EQUIFAX

71. Plaintiff incorporates by reference the allegations in Paragraphs 2 – 8 and 30 - 42.

72. At all times relevant hereto, Equifax is and was a "consumer reporting agency" as provided for under the FCRA.

73. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

74. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

75. Any users of credit reports that viewed the SLS account did not see the true and accurate picture of Santana's credit file.

76. Even after Plaintiff's multiple written disputes, the SLS account is still being reported.

77. Equifax's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

78. In the alternative, Equifax negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

79. As a result of Equifax's failures to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in his credit file, damage to reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against Equifax in the form of: Actual damages in an amount to be determined by the jury; Punitive damages in an amount to be determined by the jury; Statutory damages as determined by the

Court; Attorneys' fees, litigation expenses and costs; Interest as permitted by law; and such other and further relief including as the Court deems equitable and just under the circumstances.

## **COUNT VI AS TO EQUIFAX'S VIOLATION OF 15 U.S.C. §1681i**

80. Plaintiff incorporates by reference the allegations in Paragraphs 2 – 8 and 30 - 42.

81. Equifax violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to SLS; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

82. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damages by loss of credit, loss of the ability to purchase and benefit from a credit, specifically the mental and emotional pain and anguish and the humiliation and embarrassment of adverse actions or credit denials.

83. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

84. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against Equifax for the following:

    a) Actual damages in an amount to be proved at trial;

    b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

    c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

    d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

    e) Such other and further relief as this Court deems just and proper.

### COUNT VII – ATTEMPTING TO COLLECT AN IMPROPER DEBT IN VIOLATION OF 15 U.S.C §1692e(2)(a) AGAINST SLS

85. Plaintiff incorporates Paragraphs 1, 3 – 5, and 15 - 42.

86. Defendant SLS, falsely represented the "character, amount, or legal status" of the alleged debt in the State Court Action by alleging Santana owes SLS "$42, 118.35 that is due and owing on principal, plus interest from and after January 1, 2023 . . ." in violation of 15 U.S.C. §1692e(2)(a).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, SLS, for:

    a. Statutory and actual damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT VIII - FALSE AND MISLEADING STATEMENT IN VIOLATION OF 15 U.S.C §1692e(5) AGAINST SLS

87. Plaintiff incorporates Paragraphs 1, 3 – 5, and 15 - 42.

88. Defendant, SLS threatening to take action that cannot legally be taken by seeking to collect a discharged debt when it filed the State Court Action in violation of 15 U.S.C. §1692e(5).

89. SLS, through its agents, representatives, and/or employees acting within the scope of their authority, violated 15 U.S.C. §1692e(5).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, SLS for:

    a. Statutory and actual damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT IX – SLS' VIOLATIONS OF 15 U.S.C. §1692e(8)

90. Plaintiff incorporates by reference paragraphs 1, 3 – 5, and 15 - 42.

91. SLS communicated false credit information which it knew or should have known was false, including the failure to communicate that a disputed debt is disputed when it reported a balance owed or past due on the discharged debt in violation of 15 U.S.C. §1692e(8).

92. SLS, through its agents, representatives, and/or employees acting within the scope of their authority, violated 15 U.S.C. §1692e(8).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, SLS for:

    a. Statutory and actual damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT X AS TO SLS'S VIOLATIONS OF 15 U.S.C. §1681s-2(b)

93. Plaintiff incorporates Paragraphs 1, 3 – 5, and 15 - 42.

94. SLS violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to verify the SLS's representation within Plaintiff's credit files with Equifax, Experian, and

TransUnion without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the SLS representation; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax, Experian, and Transunion; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the SLS representations to the consumer reporting agencies.

95. As a result of this conduct, action and inaction of SLS, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit, specifically having to extend a lease on an unwanted vehicle and being unable to obtain a new lease for a new vehicle, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

96. SLS's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. 1681o.

97. Plaintiff is entitled to recover costs and attorney's fees from SLS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff demands judgment be entered in his favor and against SLS for the following:

    a) Actual damages in an amount to be proved at trial;

    b) Punitive damages as provided for in 15 U.S.C. §1681n(a)(2);

    c) Statutory damages as provided for in 15 U.S.C. §1681n(a)(2);

    d) Costs and attorney's fees as provided for in §1681n(a)(3) and 15 U.S.C. §1681n(a)(2); and

    e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

                                        */s Joel D. Lucoff*
                                        Joel D. Lucoff
                                        Fla. Bar No. 192163
                                        Debt Shield Law
                                        3440 Hollywood Blvd., Suite 415,
                                        Hollywood,FL33021
                                        8442791112
                                        service@debtshieldlawyer.com